**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION )<br>OF THE UNITED STATES OF AMERICA )<br>FOR AN ORDER AUTHORIZING THE )<br>INSTALLATION AND USE OF A )<br>SURVEILLANCE CAMERA ) | MISC. NO. 5:22-MJ-5435 |

\* \* \* \* \*

## APPLICATION

1. Comes the United States of America, by counsel, Assistant United States Attorney Roger W. West, and moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which: (1) authorizes the installation of and use of a surveillance camera for sixty days on or near a utility pole or box owned by Kentucky Utilities, near the public building at 5090 Jonesville Road, Owenton, Owen County, Kentucky, 41052, in the Eastern District of Kentucky; (2) orders that Kentucky Utilities and its agents and employees make no disclosure of the existence of the Application and Order for the installation of this surveillance camera unless authorized to do so by this Court; and (3) seals this Application and the Court's orders pending further order of the Court.

2. In support of this Application, the United States submits that Special Agents and Task Force Officers with the Federal Bureau of Investigation (FBI) are investigating Ryan Pierson and others, known and unknown, for violations of federal law, including 21 U.S.C. § 846 (conspiracy to distribute controlled substances) and 21 U.S.C. § 841 (distribution of controlled substances).

3. FBI Special Agent Bradley Harvey and other law enforcement officers have provided the information set forth below, which is not meant to be a complete recitation of the entire investigation, but rather is intended only to establish that the authorization of the camera is necessary and material to an ongoing investigation.

4. On October 11, 2022, the Villa Hills Police Department in Kenton County, Kentucky, executed a state search warrant on an apartment associated with Aleisha Loy for possession of controlled substances and distribution of controlled substances. Pursuant to the execution of that search warrant, law enforcement located illegal drugs at the location. While on scene, Aleisha Loy was interviewed by investigators with the Villa Hills Police Department and the FBI. Loy stated that she previously purchased several ounces of methamphetamine on multiple occasions from a subject named, Ryan Pierson. Loy provided a detailed description of Pierson and stated that she purchased methamphetamine from Pierson for $350 per ounce on separate occasions.   Loy also stated that she had purchased 14 grams of methamphetamine from Pierson on several other occasions.

5. Loy gave investigators consent to search her cellular telephone. Investigators located multiple messages between Loy and Facebook account    "Ryan Pierson" at https://www.facebook.com/realmenburnrubber. Investigators located messages between Loy and Pierson from September 30, 2022, in which Loy asks Pierson "…how much for is it for a zip."   Pierson responded "350".   A "zip" is a common term used by subjects involved in trafficking illegal drugs to refer to an ounce of product.

6. Investigators contacted law enforcement officers with the Owen County

Sheriff's Office and the Owenton Police Department. Multiple officers confirmed that Pierson was a known distributor of illegal drugs in the area and stated that they had received recent information from confidential sources of information that Pierson was trafficking in illegal drugs.

7. Investigators compared photographs from Pierson's Facebook account with photographs from Pierson's Kentucky driver's license to confirm him to be the same person who Loy described.

8. Using law enforcement databases, public Facebook account searches, and physical surveillance, investigators determined that 5090 Jonesville Road, Owenton, Owen County, Kentucky was a likely address for Ryan Pierson. Investigators observed multiple vehicles associated with Pierson parked at the address. The vehicles included a silver Toyota Camry sedan with Kentucky tag AKA-265, a dark older grey or black model Chevrolet Silverado pickup truck with Kentucky tag 131-ZDP, and a dark colored Chevrolet Tahoe.   Law enforcement databases show that both the Camry and Silverado are currently registered to Ryan Pierson, 54 P.O. Box, Jonesville, Kentucky 41052. Google Maps shows that P.O. Box as associated with a US Post Office located at 14780 Jonesville Road, Owenton, Kentucky. This is located less than .1 miles from the target address.

9. Per local law enforcement, Pierson regularly uses the silver Toyota Camry for transportation. Law enforcement officers have stopped Pierson multiple times in the past three to four months while Pierson was driving that vehicle. On December 5, 2022 a trooper with the Kentucky State Police conducted a traffic stop on the Chevrolet Tahoe

which was being driven by Pierson.

10.     Investigators have attempted physical surveillance on the location on multiple occasions. During those attempts at physical surveillance, investigators observed multiple surveillance cameras on the residence which appear to cover likely areas where physical surveillance units would normally park.

11.     The address of 5090 Jonesville Road, Owenton, Kentucky would commonly be described as a residential/commercial building constructed of stone and concrete.   The other buildings on the street are of a similar construction.   The residence shares a property line with the Jonesville Volunteer Fire Department, a public building with a large parking lot.

12.     The requested video surveillance camera will be used to monitor, capture, record and review the activity occurring in front of the building, including the comings and goings of Pierson and others. This activity could potentially be used to support evidence of violations of law pertaining to this investigation.

13.     The requested camera will not record inside any dwellings nor will it record any audio of conversations. The video surveillance footage may be used to determine Pierson's associates and others involved in the distribution of illegal drugs. Based on the location at 5090 Jonesville Road, it is impractical for law enforcement to conduct prolonged physical surveillance of the area, which would be necessary to observe Pierson and any co-conspirators. Pierson is surveillance conscious and has surveillance cameras which appear to cover areas of likely physical surveillance. The presence of unknown vehicles or similar vehicles over a period of time would likely appear suspicious to

Pierson. Parking on the street for long periods of time to conduct surveillance from inside a motor vehicle will be difficult at this location as there are a limited number of locations to park to view the location from the street without being easily detected.

14. There is no reasonable expectation of privacy in the area outside of 5090 Jonesville Road, Owenton, Kentucky. The residence and driveway are on a very busy public road and abut a public building. The installation of a video camera on utility poles outside residences and businesses to view only "what any passerby would easily have been able to observe" and not to view the inside of those residences does not violate the Fourth Amendment. *United States v. Jackson*, 213 F. 3d 1269, 1280-81 (10th Cir.), *vacated on other grounds*, 531 U.S. 1033, (2000) (relating to application of *Apprendi v. New Jersey*, 530 U.S. 466, (2000)). "The use of video equipment and cameras to record activity visible to the naked eye did not ordinarily violate the Fourth Amendment," much less use of the equipment to view activity that "a person knowingly exposes to the public." *Id*. (citing *Dow Chem. Co. v. United States*, 476 U.S. 227, (1986) (aerial photography of facility did not violate company's reasonable expectations of privacy), and *California v. Ciraolo*, 476 U.S. 207 (1986) (aerial observation of fenced-in back yard within residence's curtilage did not violate Fourth Amendment)). Accordingly, "there was no need for [law enforcement] to obtain a search warrant before installing and utilizing the video cameras." *Jackson*, 213 F. 3d at 1281.

15. In *United States v. Bucci*, 582 F.3d 108, 116 (1st Cir. 2009), the First Circuit upheld the district court's denial of a motion to suppress video surveillance evidence collected by law enforcement over an eight month period. "Law enforcement

authorities installed a video camera on a utility pole across the street from Bucci's home and conducted surveillance of the front of his house for eight months." The First Circuit determined that the defendant "failed to establish either a subjective or an objective expectation of privacy in front of his home, as viewed by the camera." *Id*. The court also noted that nothing obstructed the public's view of the defendant's home, and further stated that "an individual does not have an expectation of privacy in items or places he exposes to the public." *Id*. at 117 (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)).

16. The surveillance camera to be installed will not have the ability to record audio. The surveillance camera will only view what is visible with the naked eye from the public area in front of the building.

17.

18. Technical Officers of the Kentucky Utilities have the ability and technical expertise to install on the utility pole or box the following video camera(s) and signal communication devices, including accompanying supporting equipment and electrical power source(s):

    a. A video camera unit will be installed on a Kentucky Utilities utility pole or box, near the target address. This device will capture video and upload that video to a secure internet connection monitored by law enforcement. The surveillance camera will not record audio.

    b. The surveillance equipment will be used to obtain video images of the foot and vehicle traffic near 5090 Jonesville Road, Owenton, Kentucky, for the

purpose of identifying the above-described criminal activity.

19. Based upon the foregoing, it is respectfully requested that this Court grant an Order, which:

    a. Authorizes the installation and use of cameras and other equipment necessary for its operation on a Kentucky Utilities utility pole or box located near 5090 Jonesville Road, Owenton, Kentucky.

    b. Orders that Kentucky Utilities and its agents and employees make no disclosure of the existence of the Application and Order for the installation of this surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

    c. Seals this Application and the Court's orders pending further orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

This the 9th day of December, 2022.

Respectfully submitted,

By:    /s/ Bradley Harvey
Bradley Harvey
Special Agent
FBI

By: /s/ Roger W. West
Roger W. West
Assistant United States Attorney

Attested to by applicants per FRCrP 4.1 by reliable electronic means on this 9th day of December, 2022.

_____
MATHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE